991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carroll Richard OLSON, Plaintiff-Appellant,
v.
UNITED STATES TRUSTEE'S OFFICE, Denver, Colorado; Harold
Coleman, Sheriff, Bourbon County, Kansas; Chanute
Production Credit Association, Chanute, Kansas; Redmond &
Redmond, Attorneys at Law, Wichita, Kansas; United States
Marshals Service; Kent Pekarek, U.S. Marshal, Topeka,
Kansas, Defendants-Appellees.
 No. 92-3116.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Carroll Richard Olson appeals the district court's dismissal of his pro se civil rights complaint. Olson complained that defendants, acting under color of state law, violated his civil rights when they seized 159 acres of his property, as well as his personal records, tools, and other items of personal property. Defendants seized the property after Olson filed bankruptcy. Olson claims that his farm was exempt from the bankruptcy estate under the Kansas homestead exemption. See Kan.Stat.Ann. § 60-2301. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm for substantially the same reasons stated by the district court.
 
 
 3
 On appeal Olson claims defendants conspired to obtain favors from the bankruptcy court, the federal district court, and all state courts, in proceedings related to the seizure of this property and, further, conspired to ruin his life. He also attacks the partiality of the district court judge. Such exaggerated and unsupported claims are not credible and will not be entertained by this court.
 
 
 4
 Olson states in his brief that the bankruptcy court denied him the exemptions he now seeks. He offers no facts explaining the details of the bankruptcy court's decision. In conclusory fashion, he alleges that the seizure of his property was illegal, and that everyone involved in the allegedly illegal seizure violated his constitutional rights. Under these circumstances, we affirm the district court's sua sponte dismissal of his complaint under 28 U.S.C. § 1915(d).
 
 
 5
 Olson's motion to proceed in forma pauperis is GRANTED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3